IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRITICAL AIR RESPONSE
ENTERPRISES, LLC,**

    **Plaintiff,**

vs.                                      Case No. 1:12-cv-356 WDS/ACT

**CHARLES SCHROEDER, et al.,**

    **Defendants.**

# MEMORANDUM OPINION and ORDER

    The Court previously deferred ruling on Defendants' motion to dismiss CARE's claim for unconstitutional delegation of authority. [Doc. 40 at 19–20.] The Court now concludes that the claim should be dismissed, though not for the reasons Defendants put forth in their motion.

### Allegations of Count I

    In Count I of its complaint, Plaintiff CARE challenges the constitutionality of the purported delegation of authority by the State to a private accrediting body. [Doc. 1, ¶¶ at 61–67.] Specifically, CARE alleges that the "licensure scheme does not allow an applicant for air ambulance service to either obtain a timely inspection and review with respect to CAMTS accreditation, or in the alternative, to obtain an inspection and certification from the State - so as to avoid the improper delegation of the ultimate responsibility for accreditation to a private, third party entity such as CAMTS." [Doc. 1, ¶ 67.] Elsewhere in the complaint, CARE alleges that the delay which resulted from the delegation of authority violated

CARE's federal and state due process rights.  [Doc. 1, ¶ 48.]

### Defendants' arguments

Defendants seek dismissal on the ground that the unconstitutional delegation of authority claim is purely a matter of state law and does not raise a federal question.  [Doc. 17 at 13–15.]  The Court does not agree.

The contours of a constitutional right can be defined by state law, but the question whether a state has afforded sufficient process to protect a constitutional right is not a question of state law.  *See Cleveland v. Bd. of Educ. v. Loudermill*, 470 U.S. 532, 540–41, 105 S.Ct. 1487 (1985).  Here, CARE alleges the delegation of authority results in a "licensure scheme" that deprives applicants of due process.  The Court expresses no opinion on the merits of this claim, but rejects Defendants' argument that it does not raise a federal question.  The Court also rejects Defendants' alternative argument that the unconstitutional delegation of authority claim should be evaluated using state law standards.

### *Sua sponte* grounds for dismissal

Count I appears to assert only claims against Defendants Schroeder and Vette, and only claims for monetary damages.  [Doc. 1, ¶ 67.]  Dismissal of Count I is in order because the complaint contains no factual allegations implicating either Schroeder or Vette in the alleged unconstitutional delegation of authority.  *See Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010).

Count I also should be dismissed to the extent it can be read as seeking either a declaration that the State's delegation of authority to CAMTS is unconstitutional, or an

injunction prohibiting the delegation.  CARE lacks standing to seek such relief.  To receive forward-looking declaratory or injunctive relief of this nature, it is insufficient for CARE to claim that it was harmed by the "licensure scheme" in the past; CARE must demonstrate that injury is imminent.  *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 493–94 (10th Cir. 1998).  CARE reportedly has regained its certification and concedes there is no imminent threat of injury.  [Doc. 43 at 2, n.1.]

IT IS HEREBY ORDERED that Count I (Unconstitutional Delegation of Authority) is DISMISSED.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**